IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,163-01






EX PARTE ROGER LEE PARMELE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9024144-A IN THE 403RD DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
failure to stop and render aid and two counts of aggravated assault with a deadly weapon and
sentenced to 18 years' imprisonment. The Third Court of Appeals affirmed his conviction. Parmele
v. State, No. 03-04-00649-CR (Tex. App. -Austin, April 28, 2006, no pet.). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel led Applicant to believe that he was conducting an investigation and contacting witnesses,
and such assurances caused Applicant to reject a favorable plea bargain offer. Specifically,
Applicant contends that counsel represented to him that he would: hire an accident reconstruction
expert and a head trauma expert; investigate the site of the collision and offer evidence that it was
an inherently dangerous site; and interview and call defense witnesses as to guilt and character
witnesses as to punishment. Applicant asserts that he was surprised when counsel informed him
twenty minutes before trial that he had not done these things. He further asserts that he would not
have rejected a plea bargain offer if he had known that counsel was not going to do these things and
develop a defense.

 Applicant further contends, inter alia, that his trial counsel rendered ineffective assistance
because counsel failed to investigate the site of the collision and to present evidence that the site was
inherently dangerous, and failed to contact or call any defense witnesses. Specifically, the record
indicates that Applicant had asked counsel to contact his friend "Troy," who was present at the time
of the collision and who had described the collision to Applicant the next day. The result of
counsel's performance was that Applicant was the only defense witness and his testimony was
impeached by his prior criminal history.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 6, 2008

Do not publish